IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MATTHEW HARDIN,** : | | |
| 60 E. Spring St. : | | |
| Columbus, OH 43215 : | | Case No.: 2:18-cv-525 |
| : | | |
| Plaintiff, : | | JUDGE |
| : | | |
| v. : | | MAGISTRATE JUDGE |
| : | | |
| **EDGEWATER TODAY, LLC,** : | | |
| **d/b/a PUB MAHONE** : | | |
| 616 Poinsettia Ave. : | | **Jury Demand Endorsed Hereon** |
| Ellenton, FL 34222 : | | |
| : | | |
| **c/o Registered Agent:** : | | |
| Martin E. Murray : | | |
| 3591 Commerce Dr., : | | |
| Franklin, OH 45005 : | | |
| : | | |
| Defendant. | | |

## COMPLAINT

NOW COMES Plaintiff Matthew Hardin ("Plaintiff") and proffers this Complaint for damages against Defendant Edgewater Today LLC, d/b/a Pub Mahone ("Defendant").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, the Ohio Minimum Wage Fair Standards Act ("OMWFSA"), R.C. Chapter 4111, R.C. Chapter 4113, and Ohio common law.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiff's claims arising under the law of the United States and over actions to secure equitable and other relief.

3. This Court has jurisdiction over Plaintiff's claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered in to an employment relationship with Defendant in the Southern District of Ohio and performed his job duties there, and Defendant is doing and has done substantial business in the Southern District of Ohio.

## THE PARTIES

5. Plaintiff Matthew Hardin is an individual, a United States citizen, and a resident of Franklin County, Ohio.

6. At all times relevant herein, Plaintiff was an "employee" of Defendant as that term is defined in the FLSA and Ohio law.

7. Upon information and belief, Defendant Edgewater Today LLC is a Florida Corporation and is registered to do business in Ohio.

8. Defendant Edgewater Today, LLC operates a restaurant and bar named "Pub Mahone LLC," which is located at 31 E. Gay St., Columbus, OH 43215 in Franklin County.

9. At all times relevant herein, Defendant was a "covered employer" as defined in the FLSA and Ohio law.

10. At all times relevant herein, upon information and belief, Defendant was engaged in interstate commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in interstate commerce within the meaning of the FLSA, and/or Defendant has an annual dollar volume of sales or business of at least $500,000.

## FACTUAL BACKGROUND

11. Upon information and belief, Defendant Edgewater Today, LLC is a telecommunications firm based in Florida and owned by Eamon Murray and operated by Curtis Manson.

12. Upon information and belief, in or around August 2017, Defendant Edgewater Today, LLC opened a restaurant and bar in Columbus, Ohio named "Pub Mahone."

13. Shortly thereafter, Eamon Murray approached Plaintiff and asked if Plaintiff had any interest in working at Pub Mahone as the manager.

14. As a manager, Plaintiff would be responsible for overseeing staff and managing the store's inventory and income.

15. Plaintiff agreed to work as the manager of Pub Mahone, and the parties verbally agreed that Plaintiff would be paid $75,000 per year and 10% of the business' profits.

16. Plaintiff began working for Defendant as the manager on August 22, 2017.

17. Although Plaintiff began work, Defendant did not pay Plaintiff for the work he was performing.

18. On or around November 6, 2017, Murray informed Plaintiff that Defendant could not afford to pay Plaintiff the agreed-upon salary of $75,000.

19. At that time, the parties verbally agreed to change Plaintiff's salary from $75,000 per year to $50,000 per year, while continuing to pay Plaintiff 10% of the business' profits.

20. Although Plaintiff performed compensable work for Defendant between August 22 and November 6, 2017, Plaintiff was not compensated.

21. Beginning on or around November 6, 2017, Plaintiff began receiving his agreed-upon salary of $50,000 in biweekly payments of approximately $1,093.87 (gross).  Plaintiff

received this biweekly payment from Defendant on November 22, 2017, December 6, 2017, December 22, 2017, and January 3, 2018.

22. These payments reflected work performed by Plaintiff's between approximately November 6, 2017 and December 29, 2017.

23. Plaintiff never received the agreed payments reflecting 10% of the business' profits for the months of August, September, October, November, or December of 2017.

24. On or around January 5, 2018, Murray approached Plaintiff again and stated that Defendant could not continue to pay him his agreed-upon salary of $50,000.

25. Plaintiff and Defendant verbally agreed to change Plaintiff's compensation to eliminate his base salary and pay him 25% of the business' profits until the business became more profitable.

26. Pursuant to the new agreement, Plaintiff would be paid quarterly, and would not receive any payment until the end of the first quarter on or around April 1, 2018.

27. Upon information and belief, Defendant's first quarter profits were approximately $100,000.

28. Plaintiff was not paid 25% of the business' profits on April 1, 2018 as previously agreed.

29. Plaintiff received no compensation whatsoever from Defendant after his final biweekly payment made on January 3, 2018.

30. On or around May 9, 2018, Murray informed Plaintiff that he was being terminated and that Defendant was hiring another manager to take Plaintiff's place.

31. Plaintiff's last day of work was on or around May 9, 2018.

32. Plaintiff has worked nearly 3,000 hours for Defendant between August 22, 2017 and May 9, 2018.

33. Plaintiff only received payment for approximately eight weeks of work performed between November 6, 2017 and December 29, 2017.

34. Plaintiff was never paid for any of his hours worked, including overtime hours, between August 22, 2017 and November 5, 2017 or between December 30, 2017 and May 9, 2018.

35. During these timeframes, Plaintiff worked well beyond 40 hours per week for Defendant. A true and accurate copy of Plaintiff's time records between August 22, 2017 and April 25, 2018 are attached to the Complaint as Exhibit A. Plaintiff does not have access to his time records between April 26, 2018 and his last day worked, May 9, 2018.

## COUNT I
**(29 U.S.C. §201, *et seq* – Failure to Pay Minimum Wage)**

36. All of the preceding paragraphs are realleged as if fully rewritten herein.

37. Defendant violated the FLSA, 29 U.S.C. § 206(a), by not paying Plaintiff minimum wage for all hours worked.

38. Defendant knew or should have known of the minimum wage payment requirement of the FLSA.

39. Plaintiff is not exempt from the provisions of the FLSA, because between August 22, 2017 and November 5, 2017 and between December 30, 2017 and May 9, 2018, Plaintiff was not paid on a salary basis as required to maintain his exempt status.

40. Defendant knew or should have known that Plaintiff was entitled to be paid no less than the minimum wage payment for all hours worked.

41. Defendant knowingly and willfully failed to properly pay Plaintiff when Defendant failed to compensate Plaintiff for any hours worked between August 22, 2017 and November 5, 2017 and between December 30, 2017 and May 9, 2018.

42. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages and is entitled to recover unpaid wages, interest, attorneys' fees and costs, punitive damages, and all other remedies available under the FLSA.

## COUNT II
### (OMFWSA– Failure to Pay Minimum Wage)

43. All of the preceding paragraphs are realleged as if fully rewritten herein.

44. Defendant has violated the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code, Section 4111 *et seq.* by not paying Plaintiff minimum wage for all hours worked.

45. Defendant's knowing failure to properly pay Plaintiff was a violation of Chapter 4111 of the O.R.C.

46. For Defendant's violation of O.R.C. 4111, Plaintiff is entitled to recover unpaid wages, interest, attorneys' fees, and all other remedies available under Ohio law.

## COUNT III
### (29 U.S.C. §201, *et seq.* - Failure to Pay Overtime)

47. All of the preceding paragraphs are realleged as if fully rewritten herein.

48. Plaintiff was an employee of Defendant within the previous three years of the filing of this Complaint.

49. Plaintiff was not exempt from the overtime requirements of the FLSA, because between August 22, 2017 and November 5, 2017 and between December 30, 2017 and May 9, 2018, Plaintiff was not paid on a salary basis as required to maintain his exempt status.

50. Plaintiff was not paid an overtime premium for all hours worked in excess of 40 in a workweek at his regular rate of pay.

51. Defendant was aware that Plaintiff worked more than 40 hours per week but did not receive overtime compensation at a rate of one and one-half times his regular rate of pay for hours worked in excess of 40 per week.

52. Defendant knew or should have known of the overtime payment requirement of the FLSA and that Plaintiff was being treated as a non-exempt employee entitled to overtime compensation for all hours worked per week in excess of 40.

53. Defendant's refusal to properly compensate Plaintiff as required by the FLSA was willful.

54. Because of Defendant's actions, Plaintiff has suffered and continues to suffer damages and is entitled to recover unpaid wages, interest, attorneys' fees and costs, punitive damages, and all other remedies available under the FLSA.

## COUNT IV
### (OMFWSA - Failure to Pay Overtime)

55. All of the preceding paragraphs are realleged as if fully rewritten herein.

56. This claim is brought under Ohio law.

57. Defendant's knowing failure to pay Plaintiff overtime wages for hours worked in excess of forty (40) per workweek was a violation of Section 4111.03 of the Ohio Revised Code.

58. For the Defendant's violations of ORC 4111.03, Plaintiff is entitled to recover unpaid overtime wages, interest, attorneys' fees, and all other remedies available under Ohio law.

## COUNT V
### (R.C. 4113.15 – Failure to Tender Pay by Regular Payday)

59. All of the preceding paragraphs are realleged as if fully rewritten herein.

60. Plaintiff asserts this claim under R.C. 4113.15, which requires Defendant to pay its employees within thirty (30) days of the performance of compensable work.

61. Defendant failed to make proper wage payments to Plaintiff for all hours worked.

62. By failing to make the wage payments within 30 days of when such payments were due, Defendant has violated R.C. 4113.15.

## COUNT VI
### (Breach of Contract/Implied Contract)

62. All of the preceding paragraphs are realleged as if fully rewritten herein.

63. Plaintiff asserts this claim under common law breach of contract/implied contract principles.

64. A contract/implied contract existed between Plaintiff and Defendant when Defendant agreed to pay Plaintiff $75,000 per year and 10% of the business's profits in exchange for Plaintiff's services as a manager.

65. This contract/implied contract was altered when Plaintiff and Defendant agreed to reduce Plaintiff's salary to $50,000 per year and 10% of the business' profits.

66. This contract/implied contract was again altered when Plaintiff and Defendant agreed to eliminate Plaintiff's base salary and pay Plaintiff 25% of the business' profits.

67. By failing to pay Plaintiff all wages owed, and by failing to pay Plaintiff any business profits, Defendant has breached its contract/implied contract with Plaintiff.

68. Because of Defendant's breach, Plaintiff has suffered and continues to suffer damages and is entitled to recover unpaid wages, interest, attorneys' fees and costs, punitive damages, and all other remedies available under the common law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A. A declaratory judgment that Defendant's practices complained of herein are unlawful under the FLSA and Ohio law;

B. An award of monetary damages, including unpaid minimum wages and unpaid overtime wages due under the FLSA, OMFWSA, and R.C. § 4113.15;

C. An award of monetary damages, including back pay and benefits and reasonable front pay and benefits due under Ohio law;

D. An award of statutory and/or liquidated damages and/or treble damages resulting from Defendant's violations;

E. An award of prejudgment and post judgment interest;

F. An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees;

G. Such other legal and equitable relief as this Court deems appropriate, but in any event not less than $75,000.00.

Respectfully submitted,

*/s/Greg Mansell*
Greg R. Mansell (0085197)
(*Greg@MansellLawLLC.com*)
Carrie J. Dyer (0090539)
(*Carrie@MansellLawLLC.com*)
**Mansell Law, LLC**
1457 S. High St.
Columbus, Ohio 43207
Ph: (614) 610-4134
Fax: (513) 826-9311
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.

>*/s/Greg R. Mansell*_____
>Greg R. Mansell (0085197)